WILLIAMS, APPELLANT, *v.* WILLIAMS ET AL., APPELLEES.

(No. 417—Decided June 12, 1953.)

*Mr. Okey VanDyne* and *Mr. Foster King,* for appellant.

*Messrs. Wetherill & Schwemmer,* for appellees.

MIDDLETON, J. This cause is in this court on appeal on questions of law and fact from the Court of Common Pleas of Hardin County, and was, by stipulation,

submitted to the court on the transcript of the testimony taken in the court below, supplemented by certain additional testimony.

Plaintiff alleges in his petition that he is the owner of certain real estate in the village of McGuffy in Hardin county, and that he was the owner and operator of a restaurant thereon, and the holder of a D-1 permit issued by the Department of Liquor Control of the State of Ohio.

The petition alleges further that plaintiff, on or about August 12, 1949, entered into an oral agreement with defendants for the operating and managing of such place of business on a 50-50 basis of the net profit; that the defendants entered into the management of said business; and that a part of said real estate was rented and the rents collected by the defendant. Plaintiff alleges also that he is the owner of all the chattel property used in connection with such business, and that during the year 1950, plaintiff received about $600 by way of a partial accounting and in 1951 about the sum of $75.

The petition states further that plaintiff had in his possession on or about March 14, 1950, two deeds, one from his parents for the real estate described in the petition, and one from plaintiff to defendants for an undivided one-half interest in such real estate; and that on March 14, 1950, such deeds, without his knowledge or consent, were presented to and recorded by the recorder of Hardin county, Ohio.

The petition prays for an accounting by the defendants of the profits received by them in the management of such business and the rents received by them from such real estate, and that the deeds from plaintiff to defendants for one-half interest in such real estate be vacated, set aside and held for naught.

Defendants filed to this petition an answer and cross-petition, in which they admit that during the

year 1949 they entered into an oral agreement with plaintiff relative to the purchase of the real estate located in McGuffy, Ohio; admit that at said time, plaintiff was the owner of and operator of a business and holder of a D-1 permit issued by the Department of Liquor Control; admit that such business was being operated in a building located upon the real estate described in plaintiff's petition; admit that part of the building was rented and that plaintiff, from 1949 until such business was terminated, received a division of the profits from the operation of the business; and admit that on the 14th day of March, 1950, certain deeds relative to the real estate described in plaintiff's petition were filed with the recorder of Hardin county by the defendant Mary Williams and that such deeds were recorded as in the petition alleged.

Then follows a general denial.

Defendants, in their cross-petition, say that they are the owners of the undivided one-half interest in the real estate described in the petition and that the plaintiff is the owner of the other undivided one-half interest in such real estate.

Defendants then say that on the 12th day of September 1949, they entered into an oral agreement with plaintiff for the purchase of the undivided one-half interest in the real estate described, together with the undivided one-half interest in all the equipment and the business located in the building on the premises therein described, and that immediately following such time, and in accordance with said agreement, entered into the operation of the business.

The cross-petition then sets forth that part of the agreement between the parties was that, the parties being the joint owners of such building and business, the plaintiff and defendant would alternate each week in the operation of the business, and that as a part of such agreement, plaintiff agreed to pay the defendant

Mary Williams the sum of $15 per week to operate such business at such times as he was unable to take his turn in the operation thereof; that the plaintiff did take his turn in the operation of the business for approximately three weeks during the fall of 1949 and from that time he failed and neglected to take his turn in the operation thereof; that the defendant Mary Williams in accordance with the agreement did operate such business for the plaintiff during the times referred to and until the business was closed on November 6, 1951; that in accordance with such agreement, plaintiff paid to Mary Williams the sum of $160; and that there is now due her from the plaintiff the sum of $620, which she claims with interest.

Defendants then aver that they have fully accounted to the plaintiff for the operation of such business; that the plaintiff has received out of the profits of the business and money advanced by defendants to pay back taxes and accounts for which plaintiff was in arrears the sum of $1,319.11; and that the defendants have received out of the profits of said business $756.80 leaving an amount due these defendants from the plaintiff in the sum of $562.31, which defendants claim with interest.

The prayer of the cross-petition is that plaintiff's petition be dismissed; that the court find that plaintiff and defendants are each the owners of the undivided one-half interest in the real estate described in the pleadings; that a partition of the real estate described may be made; that the defendant Mary Williams be awarded judgment against the plaintiff for $620, with interest; and that the defendants be awarded judgment against the plaintiff for the sum of $562.31, with interest.

The evidence is in conflict relating to the existence of a partnership between the plaintiff and the defendants.

However, there is evidence which clearly sustains the conclusion that the plaintiff and the defendants were each the owner of an undivided one-half interest in the real estate upon which the business was operated and each the owner of an undivided one-half interest in the equipment and business conducted thereon, and that the business was conducted by the parties jointly as equal principals.

While supplies were purchased in the name of plaintiff only, this was made necessary by reason of the fact that the business was conducted under a liquor permit issued in the name of the plaintiff alone.

The agreement entered into by the parties and their acts and conduct in the operation of the business contain all the elements necessary to the formation of a partnership.

The agreement provided for a sharing of the net profits, as distinguished from gross profits, which in itself assumes the sharing of losses, if any.

Mutual agency is shown to exist by the evidence, each of the parties at times being in control of the business and authorized to bind the other in the creation of debts and obligations relating to the business.

That such an arrangement is in direct violation of the statutes of Ohio and that the parties thereto should be denied an accounting of the business between themselves, has been decided by the Supreme Court of Ohio, in the case of *Nahas, Admr.,* v. *George,* 156 Ohio St., 52, 99 N. E. (2d), 898.

"2. It is unlawful for a partnership to carry on the business of selling beer and intoxicating liquor under a permit applied for by only one of the partners and issued in his name alone.

"3. The operation of such a partnership enterprise is illegal and in violation of public policy, and a court will not entertain an action by the administrator of a deceased partner, who held no permit to sell beer and

intoxicating liquor, for an accounting from the surviving partner, but will leave the parties where it finds them.''

Under the above authority, the plaintiff is denied an accounting between himself and the defendants, and the defendant Mary Williams is denied a finding against the plaintiff on her claim set up in her cross-petition.

The court finds from the evidence that the plaintiff is not entitled to a cancellation of the deed from plaintiff to defendants for the one-half interest in the real estate described in plaintiff's petition.

The court finds defendants have paid plaintiff the full purchase price of said one-half interest in the real estate described in the petition and the cross-petition, and that defendants are entitled to partition thereof, as prayed for in their cross-petition.

The court having disposed of all issues raised by the pleadings, this cause is remanded to the Court of Common Pleas for further proceedings in partition as may be required.

*Judgment accordingly.*

YOUNGER, P. J., and GUERNSEY, J., concur.